IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **GUM CREEK CUSTOMS, LLC,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**TROPHY HUNTING PRODUCTS INC.,**<br><br>    **Defendant.** | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Gum Creek Customs, LLC, by and through its undersigned counsel, files this Complaint against Trophy Hunting Products Inc. and, in support of its claims, alleges as follows:

### THE PARTIES

1. Plaintiff, Gum Creek Customs, LLC, ("Gum Creek") is a Georgia limited liability company organized and existing under the laws of the State of Georgia and having a principal place of business located at P.O. Box 859 in Oxford, Georgia 30054.

2. Defendant, Trophy Hunting Products Inc. ("Trophy Hunting") is a Georgia corporation having a place of business or an office located at 179 Stirk Road in Macon, Georgia 31211-6415 (Jones County), which is located within the jurisdiction of this Court. Trophy Hunting also maintains a place of business or an office located at 221 Old Highway 18 in Gray, Georgia 31032-3754 (Jones County), which is also located within the jurisdiction of this Court.

3. Service of process may be effectuated by serving Trophy Hunting's registered agent for service of process, Mr. Aubrey Stacey Johnson, at 179 Stirk Road in Macon, Georgia 31211-6415, or at any other place and by any other means proper under Georgia law or under the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

4. This is a civil action at law and in equity for patent infringement, arising under the patent laws of the United States, Title 35 of the U.S. Code. This Court has subject matter jurisdiction over causes of action for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Defendant, Trophy Hunting, is subject to this Court's general and specific personal jurisdiction pursuant to due process and at least because Trophy Hunting maintains its principal place of business in this district, and because it conducts substantial business in Georgia and in this district, including (1) committing at least a portion of the infringing conduct alleged herein, and (2) regularly doing, transacting, or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals and businesses in the State of Georgia and within this judicial district.

6. Venue is proper in this Court under the provisions of 28 U.S.C. §§ 1391 and 1400, because Trophy Hunting has transacted business in this judicial district, and because Trophy Hunting has committed and/or induced acts of patent infringement in this judicial district.

**The Gum Creek Vehicle Holster Mount**

7. Founded in 2009, Gum Creek is a leading innovator in vehicle-related defense accessories for law enforcement, outdoorsmen, and gun enthusiasts.

8. Mr. Bert Gleaton, Mr. Jimmy Smallwood, and Mr. David Wasson invented a new and useful holster mount for use in motor vehicles.

9. In 2009, the three co-inventors started the process of seeking patent protection for their invention by filing a U.S. provisional application for patent.

10. In 2010, the three co-inventors filed a U.S. non-provisional application entitled, "Holster Vehicle Mount." U.S. Patent 9,010,600 B1 ("the '600 patent") was granted and issued on April 21, 2015. A true and correct copy of the '600 patent is attached as **Exhibit A**.

11. In the '600 patent, the inventors described and claimed a variety of embodiments for the Holster Vehicle Mount. For example, the '600 patent describes several embodiments that include a steering column strap.

12. The specification of the '600 patent, beginning at Column 2, line 45, includes the following description of an embodiment that includes a steering column strap:

> 45  FIG. **2** illustrates another exemplary embodiment holster vehicle mount **10** in place in a vehicle. In this exemplary vehicle installation there is either no gap, too small of a gap, or the user elected to install holster vehicle mount **10** in an installation in which instead of utilizing an upper gap, a strap
> 50  or other device, such as steering column strap **80**, is affixed to steering column **16** such that the upper portion of holster vehicle mount **10** is affixed to the strap, or a component thereof.

13. Figure 2 of the '600 patent shows a steering column strap 80 affixed to steering column 16 to support the holster mount 10.



14. Additional embodiments that include a steering column strap 80 are described in the specification of the '600 patent, beginning at Column 4, line 13, and illustrated in Figures 7A and 7B.

15. In the claims of the '600 patent, all three independent claims (claims 1, 10, and 18) recite "a first attachment means … capable of being received in a gap in a vehicle interior positioned below and adjacent a steering wheel column of said vehicle, …"

16. A steering column strap is one of the "first attachment means" that is described in the specification and shown in the drawing.

### Knowing and Intentional Infringement by Trophy Hunting Products, Inc.

17. Upon information and belief, Trophy Hunting was formed in 2007.

18. Trophy Hunting sells a variety of slings and straps for guns and archery equipment, including products for use in motor vehicles. A copy of Trophy Hunting's 2015 Catalog is attached hereto as **Exhibit D**.

19. In 2011, while the Gum Creek patent application was still pending, Mr. Stacey Johnson and/or others at Trophy Hunting expressed an interest in working with Gum Creek.

20. Mr. Stacey Johnson and/or others at Trophy Hunting were considering entering into an agreement with Gum Creek regarding Gum Creek's patent-pending holster mount.

21. On or about September 22, 2011, Mr. Johnson sent an e-mail to Mr. Bert Gleason at Gum Creek requesting information about the patent application. The e-mail is shown below and attached hereto as **Exhibit C**.

> **From:** Trophy Hunt [thpsj02@aol.com]
> **Sent:** Thursday, September 22, 2011 8:05 AM
> **To:** bert@gumcreekcustoms.com
> **Subject:** contract
>
> Bert , I need the following we have to put it in the contract,
> 1) Full name to all partners in the business
> 2) Full name on the patent pending for the pistol sling
> 3) Patent Filing date
> 4) Patent App. Number
> 5) Also need to know are all partners equal owners in the business
>
> Thanks
> Stacey Johnson
> Trophy Hunting Products

22. After discussions, Trophy Hunting and Gum Creek did <u>not</u> enter into any agreement regarding Gum Creek's patent-pending holster mount.

23. Mr. Johnson and Trophy Hunting had actual knowledge, since at least September 22, 2011, that the Gum Creek holster mount was patent-pending.

24. Since as early as September 2011 and continuing to the present day, Trophy Hunting has been and is currently making, using, importing, offering to sell, and/or selling one or more products under the name "Enforcer Gun Mount" through various retail outlets, including online, at retail shops, and at gun shows.

25. The Enforcer Gun Mount is shown on page 7 of Trophy Hunting's 2015 Catalog, which is attached hereto as **Exhibit D**.

26. In December 2015, one of the Enforcer Gun Mount products was purchased from Trophy Hunting Products, it was compared to the claims of the '600 patent, and analyzed to determine if each and every element of at least one claim of the '600 was present in the Enforcer Gun Mount product. A copy of the transaction receipt for this purchase is attached hereto as **Exhibit E**.

27. The analysis of the sample Enforcer Gun Mount product revealed that each and every element of at least one claim of the '600 is present in the Enforcer Gun Mount, either literally or under the doctrine of equivalents. A claim chart showing the presence of each and every element of independent claim 1 of the '600 patent is attached hereto as **Exhibit B**.

28. Trophy Hunting is not authorized by license from Gum Creek or otherwise to make, use, import, offer to sell, or sell the Enforcer Gun Mount or any other product that infringes the '600 patent.

## COUNT ONE:  INFRINGEMENT OF U.S. PATENT 9,131,600

29. Gum Creek incorporates all the preceding paragraphs of this Complaint as if fully set forth herein.

30. Gum Creek is the owner by assignment of all right, title, and interest in and to the '600 patent.

31. Trophy Hunting has been and is currently infringing at least independent claim 1 of the '600 patent in the State of Georgia, in this judicial district, and elsewhere in the United States, by, among other conduct, directly or through intermediaries, making, using, importing, offering to sell, and/or selling one or more products, including but not limited to the Enforcer Gun Mount product, to the injury of Gum Creek.  Trophy Hunting is directly infringing, literally infringing, and/or infringing the '600 patent under the doctrine of equivalents.  Trophy Hunting is thus liable for infringement of the '600 patent, pursuant to 35 U.S.C. § 271.

32. In addition, or in the alternative, Trophy Hunting has been and is currently indirectly infringing one or more claims of the '600 patent by inducing third parties – including but not limited to manufacturers, resellers, retailers, gun show operators, customers, and end users of the Enforcer Gun Mount product – to directly infringe at least independent claim 1 of the '600 patent in violation of to 35 U.S.C. § 271(b), with specific knowledge of the '600 patent and with specific intent to encourage infringement, knowingly inducing third parties to use articles and/or methods that Trophy Hunting knows or should know infringe one or more claims of the '600 patent.

33. In addition, or in the alternative, Trophy Hunting has been and is currently indirectly infringing one or more claims of the '600 patent by contributing to the direct infringement of the '600 patent by third parties who are using the Enforcer Gun Mount product in the normal and customary manner, including but not limited to manufacturers, resellers, retailers, gun show operators, customers, and end users.

34. As a direct and proximate result of Trophy Hunting's infringement of the '600 patent, Gum Creek has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Trophy Hunting's infringement, but in no event less than a reasonable royalty for the use made of the invention by Trophy Hunting, together with interest and costs as fixed by the court, pursuant to 35 U.S.C. § 284.

35. Gum Creek will continue to suffer damages in the future unless Trophy Hunting's infringing activities are enjoined by this Court.

36. Unless a permanent injunction is issued enjoining Trophy Hunting and its agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '600 patent, Gum Creek will be greatly and irreparably harmed.

37. Trophy Hunting is not authorized by license from Gum Creek or otherwise to make, use, import, offer to sell, or sell the Enforcer Gun Mount or any other product that infringes the '600 patent.

38. Trophy Hunting, by and through Mr. Johnson or otherwise, has possessed actual knowledge, since at least September 22, 2011, that Gum Creek was seeking patent protection for its holster mount.

39. Trophy Hunting, by and through Mr. Johnson or otherwise, has possessed actual knowledge, since at least September 22, 2011, that the Gum Creek holster mount was patent-pending in the United States.

40. Trophy Hunting, by and through Mr. Johnson or otherwise, have been and are currently aware that making, using, importing, offering to sell, and/or selling the Enforcer Gun Mount product in the United States infringes the '600 patent and is otherwise prohibited by law.

41. As a direct and proximate result of Trophy Hunting's intentional and willful infringement of the '600 patent, Gum Creek is entitled to recover increased damages, in an amount up to three times the compensatory damages, pursuant to 35 U.S.C. § 284.

42. Because Trophy Hunting's intentional and willful infringement of the '600 patent makes this an exceptional case, Gum Creek is entitled to recover all of its attorneys' fees from Trophy Hunting, pursuant to 35 U.S.C. § 285.

43. Upon information and belief, Trophy Hunting has imported into the U.S. at least Ten Thousand (10,000) Enforcer Gun Mount products since September 2011.

44. The act of patent infringement was complete upon importation into the U.S., regardless of whether the Enforcer Gun Mount products have been sold.

45.     Using an estimated lost profit of Twenty-Six Dollars ($ 26) each, Trophy Hunting owes to Gum Creek compensatory damages in the amount of at least Two Hundred Sixty Thousand Dollars ($ 260,000).

46.     Because Trophy Hunting has known since at least September 22, 2011, that the Gum Creek holster mount was patent-pending, Trophy Hunting committed intentional and willful patent infringement by importing the infringing Enforcer Gun Mount products into the United States.  Accordingly, Trophy Hunting owes to Gum Creek enhanced damages in the amount of at least Seven Hundred Eighty Thousand Dollars ($ 780,000).

## PRAYER FOR RELIEF

WHEREFORE, Gum Creek respectfully requests that this Court enter judgment in its favor and against Trophy Hunting on the Complaint and enter an order as follows:

A.     Finding that Trophy Hunting has infringed the '600 Patent;

B.     Ordering Trophy Hunting to pay to Gum Creek compensatory damages in an amount at least equal to Gum Creek's lost profits and in no event less than a reasonable royalty, plus costs and expenses, together with pre-judgment and post-judgment interest at the maximum rate allowable by law, and costs, pursuant to 35 U.S.C. § 284, caused by Trophy Hunting's infringement of the '600 Patent;

C.     Finding that Trophy Hunting has intentionally and willfully infringed the '600 Patent, and ordering Trophy Hunting to pay to Gum Creek increased damages, in an amount equal to three times the compensatory damages, as permitted by 35 U.S.C. § 284;

      D.      Finding this to be an exceptional case, as defined by 35 U.S.C. § 285, and ordering Trophy Hunting to pay to Gum Creek an amount equal to all of Gum Creek's reasonable attorneys' fees;

      E.      Entering a permanent injunction enjoining and restraining Trophy Hunting and all those acting in concert with it from engaging in conduct that infringes, induces infringement, or contributes to the infringement of Gum Creek's exclusive rights in the '600 Patent; and

      F.      Granting such other and further relief, at law or in equity, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues and claims so triable.

Respectfully submitted on this 21st day of March, 2016, by:

J. Scott Anderson
Georgia Bar No. 017266
SAnderson@CulhaneMeadows.com
CULHANE MEADOWS HAUGHIAN & WALSH, PLLC
534 Medlock Road, Suite 103
Decatur, Georgia 30030-1514
Telephone (404) 806-1488
Fax (888) 909-0255

**Attorneys for Plaintiff,
GUM CREEK CUSTOMS, LLC**